UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GONZALO CORNELIO BASURTO,

                        Plaintiff,

-v-

                        CIVIL ACTION NO.: 25 Civ. 4903 (DEH) (SLC)

GIANTS DELI, INC., et al.,

                        **OPINION AND ORDER**

                        Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

On September 9, 2025, Plaintiff Gonzalo Cornelio Basurto ("Plaintiff") filed a letter-motion requesting (1) leave to serve Defendant Ahmed Hassan ("Mr. Hassan") by alternative means, i.e. by text message, and (2) an extension of the deadline for service of Mr. Hassan to December 8, 2025. (Dkt. No. 34 (the "Motion")).[1]  For the reasons set forth below, the Motion is DENIED IN PART and GRANTED IN PART.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) allows for service to be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1); see CE Line One Corp. Ltd. v. Masters, No. 24 Civ. 9889 (RA) (OTW), 2025 WL 1099597, at *2 (S.D.N.Y. Apr. 11,

---

[1] Although Plaintiff also references service by newspaper publication as the method of service requested, this appears to be a typographical error, as the Due Diligence Inquiry Report attached to the Motion lists three possible phone numbers for Mr. Hassan and does not otherwise discuss newspaper publication. (See Dkt. No. 34-2).

2025).  New York law provides a number of approved service methods (see N.Y. C.P.L.R. § 308(1)–(4)), and contemplates that if service is impracticable under those methods, service may be made 'in such manner as the court, upon motion without notice, directs[.]"  Rampersad v. Deutsche Bank Sec., Inc., No. 02 Civ. 7311 (LTS) (AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (quoting N.Y. C.P.L.R. § 308(5)).  "A plaintiff can demonstrate that service by conventional means is 'impracticable' by making diligent, albeit unsuccessful efforts to obtain information regarding a defendant's current residence, business address or place of abode."  Pearson Educ., Inc. v. Aggarwal, No. 17 Civ. 203 (KMW), 2022 WL 3700142, at *3 (S.D.N.Y. Aug. 26, 2022).

"In shaping a method of alternate service, the Court must bear in mind the requirements of due process that the method of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  Shamoun v. Mushlin, No. 12 Civ. 3541 (AJN), 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Courts have expressed concern over whether text messaging as an alternative means of service satisfies due process when it is proposed as the only method of service as opposed to "one piece of a multi-prong approach to service."  Marvici v. Roche Facilities Maint. LLC, No. 21 Civ. 4259 (PAE) (JLC), 2021 WL 5323748, at *4 (S.D.N.Y. Oct. 6, 2021).  Therefore, Courts have authorized service by text message only when it supplements another primary method of service. See, e.g., id. at *5; see also Kumar v. Alhunaif, No. 23 Civ. 321 (DEH), 2023 WL 8527671, at *4 (S.D.N.Y. Dec. 8, 2023) (finding that service by email, "with three additional modes (text, WhatsApp, and Facebook) as backstops, complie[d] with due process").

2

### III. **APPLICATION**

Here, Mr. Hassan is an individual, so Rule 4(e)(1), and by extension N.Y. C.P.L.R. § 308(5), govern service. (See Dkt. No. 7 at 1). Plaintiff claims that he has been unable to serve Mr. Hassan despite good faith attempts to do so. (Dkt. No. 34 at 1). Plaintiff provided an Affirmation of Due Diligence (Dkt. No. 34-1) and a Due Diligence Inquiry Report (Dkt. No. 34-2) to support his claim that he "exhausted all efforts to locate" Mr. Hassan. (Dkt. No. 34 at 1). The Due Diligence Inquiry Report contains one possible address and three possible phone numbers for Mr. Hassan. (See Dkt. No. 34-2). In the Affirmation of Due Diligence, Plaintiff's process server attests to the fact that he was unable to serve Mr. Hassan at the address contained therein, and that he spoke to a female occupant who informed him that Mr. Hassan moved out of that residence ten years ago. (Dkt. No. 34-1).

Even if Plaintiff has proven impracticability of the methods of service in § 308(1)–(4), he has not demonstrated that service via text message is "likely to reach" Mr. Hassan. F.T.C. v. PCCare247 Inc., No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). As an initial matter, Plaintiff has not indicated whether he has tried to reach Plaintiff at any of the three numbers he located, let alone whether he made contact with Mr. Hassan at any of those numbers. Further, Plaintiff has not described any due diligence to confirm that the three numbers are, in fact, associated with Mr. Hassan, such as by verifying with the phone company. See Kumar, 2023 WL 8527671, at *4 (authorizing service by email and text message together where plaintiff received documents from phone company confirming the phone number was associated with defendant). In addition, Plaintiff proposes service by text message alone, not as a part of a multi-prong approach to service or as a supplement to another more reliable method

of service. See Marvici, 2021 WL 5323748, at *4 (authorizing service by text message to defendant's number with which plaintiff had previously communicated only as a "backstop" to service by certified mail to two addresses associated with defendant). Finally, Plaintiff has not indicated whether Mr. Hassan has any knowledge of this lawsuit at all—another reason to be wary of authorizing such an alternative means of service. See Marvici, 2021 WL 5323748, at *5 ("Service by alternative means is all the more reasonable where a defendant demonstrably already has knowledge of the lawsuit."); see also Prodigy Fin. CM2020-1 DAC v. Beniwal, No. 25 Civ. 68 (LJV), 2025 WL 2322474, at *2 (W.D.N.Y. Aug. 12, 2025) (finding that service by text message at a number that defendant was recently reached as a supplement to service by email was warranted where defendant was aware of the lawsuit but refused to provide a service address).

For these reasons, Plaintiff's request to serve Mr. Hassan exclusively by text message does not satisfy due process requirements because it is not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action[.]" Shamoun, 2013 WL 91705, at *2.

## IV. CONCLUSION

Accordingly, the Motion is DENIED with respect to the request to serve Mr. Hassan by text message. With respect to Plaintiff's request for an extension of time to serve Mr. Hassan, the Motion is GRANTED insofar as the deadline to serve Mr. Hassan is EXTENDED to **Friday, October 24, 2025.**

The Clerk of the Court is respectfully directed to close Dkt. No. 34.

Dated:       New York, New York
               September 23, 2025

_____
**SARAH L. CAVE**
**United States Magistrate Judge**