UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BASURTO, et al.

Plaintiffs,

v.

GIANTS DELI, INC., et al.,

Defendants.

25 Civ. 4903 (DEH) (SLC)

**ORDER**

DALE E. HO, United States District Judge:

**BACKGROUND**

On August 1, 2025, Plaintiff Gonzalo Cornelius Basurto moved for default judgment against Defendant Giants Deli, Inc ("Giants"). See ECF No. 23. On July 25, 2025, the Clerk of Court issued a Clerk's Certificate of Default as to Giants. *See* ECF No. 21. On August 5, 2025, the Court ordered Giants to show cause why default judgment should not be entered against each of them, in writing, by August 15, 2025. See ECF No. 26. Giants did not respond. Accordingly, on August 20, 2025, the Court granted Plaintiffs' motion for default against Giants and referred the matter to Magistrate Judge Cave for an inquest into damages and attorney's fees. *See* ECF Nos. 28, 29. On August 21, 2025, Judge Cave issued a scheduling order of the damages inquest as to Giants. *See* ECF No. 30. Basurto filed his materials in support of damages on September 3, 2025. *See* ECF No. 33.

Then, on October 10, 2025, Basurto moved for default judgment against Defendant Akrum Hauter. See ECF No. 42. The Clerk of Court issued a Clerk's Certificate of Default as to Hauter. *See* ECF No. 41. On October 14, 2025, the Court ordered Hauter to show cause why default judgment should not be entered against each of them, in writing, by October 24, 2025. *See* ECF No. 47. Hauter did not respond. Accordingly, on October 28, 2025, the Court granted Plaintiffs'

motion for default judgment against Hauter and again referred the matter to Magistrate Judge Cave for an inquest into damages and attorney's fees. *See* ECF Nos. 50, 51. On October 29, 2025, Judge Cave issued a scheduling order of the damages inquest as to Hauter, with a deadline of November 12, 2025 for any response by Hauter to the damages inquest, warning that a failure to respond would result in the Court issuing a report and recommendation based on Plaintiff's submissions alone. *See* ECF No. 52. Hauter was served with that Order the same day. *See* ECF No. 53. The November 12 deadline passed without any opposition from Hauter. Hauter's counsel then appeared on the docket on December 5, 2025, *see* ECF No. 54, but filed nothing else at that time.

On January 6, 2025, Judge Cave issued a Report and Recommendation (the "Report"), recommending that the motion for default judgment be granted, in the following amounts:

- Compensatory damages in the amount of $12,712.50 (the "Compensatory Damages"), consisting of $9,562.50 in overtime wages and $3,150.00 in spread-of-hours wages;
- Liquidated damages in the amount of $12,712.50;
- WTPA statutory damages in the amount of $10,000.00 (the "Statutory Damages");
- Prejudgment interest on his Compensatory Damages at a rate of nine percent per year from September 15, 2023 until the date of entry of judgment;
- Post-judgment interest pursuant to 28 U.S.C. § 1961;
- Attorneys' fees in the amount of $1,882.50;
- Costs in the amount of $486.00; and
- Pursuant to NYLL § 198(4), an automatic increase of judgment be applied to damages awarded under the NYLL that remain unpaid upon the expiration of 90 days following issuance of judgment, or 90 days after expiration of the time to appeal, and no appeal is then pending, whichever is later.

*See* ECF No. 55 at 29. The Report further recommended that the Complaint be dismissed with prejudice as to a third defendant, Ahmed Hassan, who was never served. *See id.* at 30.

Defendants had until January 20, 2026, to file any objections to the Report. *See* Fed. R. Civ. P. 72(b) (giving parties fourteen days to file written objections). No objections were filed by Giants; but on January 19, 2026, Defendant Hauter filed a motion to vacate the default judgment against him. *See* ECF No. 57, which the Court also construes as an objection to the Report. No response to the motion to vacate was filed.

**DISCUSSION**

The Court accepts the Report's recommendation to grant default judgment as to Giants and to dismiss Defendant Hassan. These portions of the Report are not objected to. In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023). The Court has reviewed the Report's recommendations as to Defendants Giants and Hasan, and has found no error, clear or otherwise. It is hereby **ORDERED** that the Report is **ADOPTED** as to those Defendants**.**

As to Defendant Hauter, while the Court expresses skepticism that an adequate explanation has been given for his failures to appear, to contest the motion for default, or to contest Plaintiff's submission on damages in a timely manner, the Court will grant his motion to vacate as unopposed. The motion was filed in January, and remains unopposed by Plaintiff. Moreover, there is a preference for resolving matters on the merits, and Defendant Hauter's evidentiary submissions raise questions as to whether he is in fact liable in this case. *See* ECF Nos. 57, 57-2. Accordingly, the motion to vacate default is **GRANTED**.

## CONCLUSION

Plaintiff shall file a proposed Judgment as to Defendant Giants in conformity with this Order within fourteen (14) days.

Plaintiff and Defendant Hauter are directed to meet-and-confer and, within fourteen (14) days, shall submit a status letter indicating proposed next steps in this litigation, which may include voluntary dismissal of claims against Defendant Hauter or proceeding to litigation. In the event that Plaintiff does not intend to voluntarily dismiss all claims against Defendant Hauter, the parties shall submit a proposed case management plan as an attachment to their letter. The letter shall also state whether the parties request a referral for settlement to the District's mediation program or to Magistrate Judge Cave for a settlement conference.

The Clerk of Court is respectfully directed to terminate Defendant Ahmed Hassan from this case, and to close ECF No. 57.

Dated: August 19, 2026
New York, New York

DALE E. HO
United States District Judge